UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONALD TATUM, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 1:13-cv-794-TWP-TAB |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**Order to Habeas Petitioner to Show Cause
Why Action Should not be Dismissed as Untimely**

**I.**

Donald Tatum ("Tatum") was convicted in 1982 in an Indiana state court of burglary. His conviction became final, prior to the April 23, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA").

Tatum now seeks a writ of habeas corpus, filed with the clerk on May 14, 2013. Tatum contends in his habeas petition that his conviction is constitutionally infirm. The habeas petition is before the court for its preliminary review pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts*. Rule 4 provides that if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

**II.**

**A.**

In an attempt to Αcurb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law,@ Congress, as part of the AEDPA, revised

several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. ' 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000).

A 1-year grace period applies to petitioners whose convictions were final prior to the effective date of the AEDPA. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996) (en banc), *reversed on other grounds,* 521 U.S. 320 (1997). That describes Tatum's situation. He therefore had through April 24, 1997, in which to file his federal habeas petition. See *Fernandez v. Sternes,* 227 F.3d 977, 978 (7th Cir. 2000).

**B.**

District Courts are permitted to consider, *sua sponte,* the timeliness of a prisoner's habeas petition, but must afford the parties notice and an opportunity to be heard before acting on their own initiative to dismiss a petition as untimely. *See Day v. McDonough,* 547 U.S. 198 (2006); *U.S. v. Bendolph,* 409 F.3d 155 (3d Cir. 2005).

As explained in Part II.A. of this Entry, it appears that Tatum's habeas petition was filed more than 16 years after the statute of limitations expired and hence was not timely filed. The fact that Tatum's post-conviction petition in Indiana state court was filed on October 27, 2004, withdrawn on June 27, 2007, filed again on January 11, 2011 and denied on June 6, 2012, is of no consequence here. *Teas v. Endicott,* 494 F.3d 580 (7th Cir. 2007)(the fact that the state courts entertained a collateral attack on prisoner's conviction more than one year after the expiration of the one year time limit does not "re-start" the statute of limitations under 28 U.S.C. § 2244(d)).

## III.

Tatum shall have **through September 9, 2013**, in which to show cause why his petition for writ of habeas corpus should not be summarily dismissed as untimely pursuant to Rule 4.

**IT IS SO ORDERED.**

Date: _08/27/2013_

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

DONALD TATUM
852317
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064