# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| DONALD TATUM, | ) |
|         Petitioner, | ) |
| vs. | ) No. 1:13-cv-794-TWP-TAB |
| SUPERINTENDENT, | ) |
|         Respondent. | ) |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Donald Tatum for a writ of habeas corpus must be denied and the action dismissed without prejudice. In addition, the court finds that a certificate of appealability should not issue.

## I. The Petition for Writ of Habeas Corpus

### A. Background

Tatum is confined at an Indiana prison. In the present action he challenges the validity of his 1982 conviction for burglary entered in an Indiana state court based on his guilty plea.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). The statutory "in custody" requirement is jurisdictional. *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (per curiam). It is well established that, in order to satisfy the jurisdictional "in custody" requirement, a petitioner must not merely be in custody but must be in custody under the conviction or sentence under attack at the time he files his federal habeas petition. *Carafas v. LaVallee,* 391 U.S. 234, 238 (1968).

**B. Discussion**

The pleadings and the expanded record in the present case show that Tatum was sentenced on the challenged conviction on June 1, 1982 to a term of six (6) years, that Tatum is confined at present serving a sentence imposed in 2004 which was enhanced based in part on the 1982 conviction, that Tatum's challenge to the 1982 conviction in an action for post-conviction relief was rejected based on the doctrine of laches, *see Tatum v. State,* 2013 WL 440615 (Ind.Ct.App. Feb. 5, 2013), and that an action for post-conviction relief was pending in the Indiana state courts from October 27, 2004 until June 27, 2007 and again from January 11, 2011 until April 18, 2013.

The respondent argues that Tatum does not satisfy the "in custody" requirement of the federal habeas statute, but the court disagrees with this point. *Tredway v. Farley,* 35 F.3d 288, 292 (7th Cir. 1994) (for purposes of a § 2254 petition, "[b]ecause a person currently serving a sentence that was enhanced on the basis of a prior conviction is still in custody [on the enhancing conviction], he may challenge the enhancing conviction as constitutionally invalid even though that prior conviction's custodial term has expired.") (quoting *Smith v. Farley*, 25 F.3d 1363, 1365-66 (7th Cir. 1994)).

The respondent also argues that Tatum's action is time-barred. This argument fares better. In an attempt to Acurb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law,@ Congress, as part of the AEDPA, revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision provides that a state prisoner has one year to file a federal petition for habeas corpus relief, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). . . ." *Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012).

Tatum's burglary conviction was final before the effective date of the AEDPA. A 1-year grace period applies to such petitioners. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996) (en banc), *reversed on other grounds,* 521 U.S. 320 (1997). Tatum therefore had through April 24, 1997, in which to file his federal habeas petition. See *Fernandez v. Sternes,* 227 F.3d 977, 978 (7th Cir. 2000). Applying the prison mailbox rule, Tatum's habeas petition can be considered to have been "filed" on the date it was signed. *Jones v. Bertrand,* 171 F.3d 499 (7th Cir. 1999). This date was May 6, 2013. This was 16 years and two weeks after the statute of limitations expired. The post-conviction relief litigation in this case all occurred after the statute of limitations had expired and hence did not toll the running of the statute. *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed). Therefore, the petition is untimely.

### C. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Tatum has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed.** Judgment consistent with this Entry shall now issue.

### II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ′ 2254 Proceedings*, and 28 U.S.C. ′ 2253(c), the court finds that Tatum has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its

procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

  IT IS SO ORDERED.

Date: 08/14/2014 _____

                 Hon. Tanya Walton Pratt, Judge
                 United States District Court
                 Southern District of Indiana

Distribution:

DONALD TATUM
852317
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronically Registered Counsel